UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM R. BRAMSCHER,<br>Plaintiff,<br>v.<br>GAVIN NEWSOM, et al.,<br>Defendants. | Case No. 20-cv-07027-JD<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The original complaint was dismissed with leave to amend and plaintiff has filed an amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that prison officials failed to properly calculate his court ordered custody credits with respect to his sentence. To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Otherwise, the claim is not cognizable under § 1983. *Id.* at 487.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Id.* at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever

2

manner" it is applied).

As long as the sentencing order is in place, prison officials have no constitutional duty to review the legality of the sentence imposed. *See Stein v. Ryan*, 662 F.3d 1114, 1118-20 (9th Cir. 2011) (dismissing § 1983 claim because prisoner had no due process or Eighth Amendment right to have prison officials release him from prison, even though the sentencing order was legally incorrect under a later-decided state supreme court case).

The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972); *Mullins v. Oregon*, 57 F.3d 789, 795 (9th Cir. 1995). The touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness (i.e., denial of procedural due process guarantees) or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective (i.e., denial of substantive due process guarantees). *See County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998).

Plaintiff says that prison officials have failed to properly apply his court ordered presentence credits. He specifically challenges prison procedures and argues that they are in violation of state law. He contends that his earliest possible release date has passed, but defendants disagreed. For relief, plaintiff seeks money damages and injunctive relief that his presentence credits be applied that would result in his release from custody. The original complaint was dismissed with leave to amend to address many deficiencies noted by the Court. The amended complaint has failed to cure these deficiencies.

Plaintiff describes how various prison rules and regulations have been violated but he has not shown that a right secured by the Constitution or laws of the United States was violated to proceed with this § 1983 claim. Even if plaintiff had stated a claim, this action is barred by *Heck*. Plaintiff seeks money damages and to have custody credits changed that would have him released from prison, yet his conviction that led to his imprisonment has not been reversed or expunged. Success in this federal case would call into question the state court judgment.

3

Plaintiff also filed a state habeas petition in the superior court. Amended Complaint at 12-13. The superior court noted that plaintiff has filed numerous appeals and petitions attempting to correct his sentence. *Id*. The court dismissed the petition after noting that plaintiff is currently proceeding with a case in the California Court of Appeal with appointed counsel regarding his conviction. *Id*. Court records indicate that the case is still pending, and respondent has briefing due on June 23, 2021. *People v. Bramscher*, Case No. B303019 (2nd Appellate District). Plaintiff also filed a habeas petition in the Central District of California that was recently dismissed pursuant to *Younger* in light of his pending state court appeal. *See Bramscher v. Koening*, Case No. 20-7962 (C.D. Cal. March 22, 2021). In light of plaintiff's pending criminal appeal, this case must also be dismissed pursuant to *Younger*. Once plaintiff's state appeals are concluded he may seek federal habeas relief for exhausted claims in the district where he was convicted. If his state conviction is revered or expunged, plaintiff may then seek monetary relief. Because further amendment would be futile, this case is dismissed without leave to amend.

## CONCLUSION

1. This action is **DISMISSED** with prejudice.
2. The Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: June 7, 2021

JAMES DONATO
United States District Judge

4